1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

**MATTHEW ROWAN DAVIES,**

Petitioner,

v.

**MICHAEL L. BENOV, Warden,**

Respondent.

**Case No. 1:15-cv-00275 MJS (HC)**

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

16

17    Petitioner is a federal prisoner proceeding with a petition for writ of habeas corpus

18  pursuant to 28 U.S.C. § 2241. Petitioner is represented by Cody Harris, Phillip Tassin,

19  and Steven Ragland of Keker & Van Nest, LLP. Respondent, Michael Benov, warden of

20  Federal Correctional Institution, Taft is represented by Assistant United States Attorney

21  Gregory Broderick. Both parties have consented to Magistrate Judge jurisdiction under

22  28 U.S.C. § 636(c). (ECF Nos. 10, 22.)

23    In July 2012, Petitioner was indicted on multiple counts of manufacturing,

24  distributing, and conspiring to manufacture and distribute marijuana, a Schedule I

25  controlled substance. (See United States v. Davies, E.D. Cal. Case No. 2:12-cr-0255

26  GEB.) On May 31, 2013, Petitioner plead guilty to ten of the above-referenced counts,

27  and was sentenced to sixty (60) months in federal prison. (Id. at ECF Nos. 64, 98.)

28  Petitioner's sole claim in the present petition is that the Rohrabacher-Farr Amendment to

1

1    the Consolidated and Further Continuing Appropriations Act of 2015 prohibits the Justice

2    Department and the Bureau of Prisons from expending any funds with respect to the

3    execution of Petitioner's sentence. 128 Stat. 2130, 2217, § 538 ("The Rohrabacher-Farr

4    Amendment".)[1] Petitioner contends that the Rohrabacher-Farr Amendment forbids the

5    Department of Justice, including the Bureau of Prisons, from expending appropriated

6    funds to investigate, prosecute, or incarcerate individuals complying with state medical

7    marijuana laws. Based on this interpretation of the Amendment, Petitioner argues that

8    further funds should not be spent on his incarceration, and that he be released from

9    custody.

10       Petitioner filed his petition on February 20, 2015. (Pet., ECF No. 1.)  Respondent

11   filed an answer to the petition on May 18, 2015. (Answer, ECF No. 14.) Petitioner filed a

12   traverse on June 17, 2015.[2] (Traverse, ECF No. 15.) The matter stands ready for

13   adjudication.

14   **I.       STANDARD OF REVIEW**

15       Writ of habeas corpus relief extends to a person in custody under the authority of

16   the United States. See 28 U.S.C. § 2241.  Writ of habeas corpus relief is available if a

17   federal prisoner can show he is "in custody in violation of the Constitution or laws or

18   treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's claims are proper

19   under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner,

20   location, or conditions of the execution of Petitioner's sentence and not the fact of

21   Petitioner's conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1990)

22   (stating that a challenge to the execution of a sentence is "maintainable only in a petition

23

24   [1] The language of  the Rohrabacher-Farr Amendment contained in § 538 reads as follows: "None of the funds made available in this Act to the Department of Justice may be used, with respect to the States of Alabama, Alaska, Arizona, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, Oregon, Rhode Island, South Carolina, Tennessee, Utah, Vermont, Washington, and Wisconsin, to prevent such States from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana."

25

26

27   [2] Additionally, on June 24, 2015, United States Senator Mark Leno filed a motion for leave to file an amicus curiae brief in support of Petitioner. (ECF No. 18.) The motion is granted.

28

1    for habeas corpus filed pursuant to 28 U.S.C. § 2241"); <u>Montano-Figueroa v. Crabtree</u>,

2    162 F.3d 548, 549 (9th Cir. 1998).

3          Further, Petitioner is challenging the execution of his sentence at Federal

4    Correctional Institution in Taft, California. Petitioner is confined within the Fresno Division

5    of the Eastern District of California, and the Court has jurisdiction over this petition. <u>See</u>

6    <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990).

7    **II.    <u>REVIEW OF THE PETITION</u>**

8          Before addressing the substantive merits of Petitioner's claim, the Court must

9    determine whether Petitioner waived his rights to challenge his sentence through this

10   habeas petition. Petitioner concedes that in entering the plea agreement, he waived the

11   right to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or

12   sentence. (<u>See</u> Pet. at 13.) While Petitioner acknowledges that he waived his right to

13   attack the legality of his conviction or imposed sentence, he asserts that he remains free

14   to challenge the conditions of his confinement and that is what he undertakes to do here.

15   (<u>Id.</u> at 13-14.) Petitioner argues that the Rohrabacher-Farr Amendment defunds

16   Respondent's continued effort to confine Petitioner and thus that his challenge here goes

17   to the conditions of his confinement, not his conviction or sentence. (<u>Id.</u>) Finally,

18   attempting to clarify the argument in his traverse, Petitioner states that the waiver only

19   limited his ability to attack the legality of his sentence, but did not affect his ability to

20   attack the execution of his sentence, as he is doing here. (Traverse at 16.)

21         Respondent counters that the waiver was not so limited and applies to the present

22   challenge to the execution of Petitioner's sentence. (Answer at 3-4.) Respondent further

23   alleges that the present challenge is not jurisdictionally proper under 28 U.S.C. § 2241

24   as it is a veiled attempt to collaterally attack Petitioner's sentence. (<u>Id.</u> at 4.) As

25   previously stated in the order requiring Respondent to answer the petition, challenges to

26   the execution of a sentence are proper under § 2241. <u>See</u> <u>U.S. v. Giddings</u>, 740 F.2d

27   770, 772 (9th Cir. 1984); <u>Porter v. Adams</u>, 244 F.3d 1006, 1007 (9th Cir. 2001); <u>Zavala</u>

28   <u>v. Ives</u>, 785 F.3d 367, 370 n.3 (9th Cir. 2015). Regardless, whether the present

1   challenge is appropriate under § 2241 is a separate and distinct inquiry as to whether

2   Petitioner waived his right to challenge his sentence.

3       The Ninth Circuit has held that "[a] defendant's waiver of his appellate rights is

4   enforceable if (1) the language of the waiver encompasses his right to appeal on the

5   grounds raised, and (2) the waiver is knowingly and voluntarily made." United States v.

6   Leniear, 574 F.3d 668, 672 (9th Cir. 2009) (quoting United States v. Anglin, 215 F.3d

7   1064, 1066 (9th Cir. 2000)). Waivers may also encompass collateral attacks to the

8   conviction or sentence. Id. at 672 n.3; United States v. Abarca, 985 F.2d 1012, 1014 (9th

9   Cir. 1993).

10      The scope of a knowing and voluntary waiver is demonstrated by the express

11  language of the plea agreement. Leniear, 574 F.3d at 672; Anglin, 215 F.3d at 1066.

12  "Plea agreements are generally construed according to the principles of contract law,

13  and the government, as drafter, must be held to an agreement's literal terms." Leniear,

14  574 F.3d at 672; Anglin, 215 F.3d at 1067; United States v. Cannel, 517 F.3d 1172,

15  1176 (9th Cir. 2008) ("Plea agreements are contracts and are enforced as such."). Any

16  ambiguity in a plea agreement is construed against the drafter. See Lemke v. Ryan, 719

17  F.3d 1093, 1098 (9th Cir. 2013); United States v. Transfiguracion, 442 F.3d 1222, 1228

18  (9th Cir. 2006).

19      Petitioner does not argue that the waiver was made without his knowledge or

20  consent. Accordingly, the only issue is that of whether his collateral challenge is

21  encompassed within the waiver's scope. Petitioner argues that the waiver does not limit

22  challenges to the conditions of his confinement or the execution of his sentence. The

23  Court is not persuaded that the waiver can be construed so narrowly. The waiver stated

24  that Petitioner gave up "the right to appeal the conviction and the right to appeal any

25  aspect of the sentence imposed," and that he gave up the right to bring a post-appeal

26  attack on his conviction or sentence under  § 2241. United States v. Davies, E.D. Cal.

27

28

4

1    Case No. 2:12-cr-0255 GEB, ECF No. 64 at 10. (emphasis in original).[3] Under the plain

2    language of the agreement, there was no limitation to Petitioner's waiver of the type of

3    challenge he could present to his sentence. While any ambiguities in the plea agreement

4    should be construed against the drafter, in this case, the government, the Court finds no

5    ambiguity with regard to the scope of the waiver. The waiver was to <u>any</u> right to attack

6    his sentence; that would include all challenges, including challenges to the execution of

7    his sentence, such as the one presented here. Further, the language of the waiver

8    specifically mentions that Petitioner waived his right to bring post-appeal attacks by way

9    of a motion under 28 U.S.C. § 2241.

10          There is no ambiguity with respect to the scope of the waiver with respect to what

11   subject matter was covered (challenges to the conviction or sentence) or the methods by

12   which Petitioner could present a challenge  (waiving the right to file motions under  28

13   U.S.C. § 2255 and § 2241).

14          Petitioner could not have known that the Rohrabacher-Farr Amendment would be

15   enacted after he entered into the plea agreement. However, the waiver of his right to

16   challenge his conviction or sentence included waiver of prospective relief. "The waiver of

17   an appeal will not be invalidated merely because unanticipated events occur in the

18   future. The prospective nature of waivers has 'never been thought to place [waivers] off

19

20          [3] As requested by Respondent, the Court takes judicial notice of the plea agreement in Petitioner's
     criminal case.  See Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012). The relevant section
21   to the plea agreement, relating to Petitioner's waiver of his right to appeal reads as follows:

22          **Waiver of Appeal and Collateral Attack**: The defendant understands that the
     law gives him a right to appeal his conviction and sentence. He agrees as part of his
23   plea, however, to give up the right to appeal the conviction and the right to appeal <u>any</u>
     aspect of the sentence imposed in this case so long as his prison sentence is no longer
24   than 5 years.

25          Regardless of the sentence he receives, the defendant also gives up any right he
     may have to bring a post-appeal attack on his conviction or his sentence. He specifically
26   agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or
     sentence.

27   United States v. Davies, E.D. Cal. Case No. 2:12-cr-0255 GEB, ECF No. 64. (emphasis in original).

28

1    limits or to render a defendant's act 'unknowing.'" United States v. Lockett, 406 F.3d

2    207, 213 (3d Cir. 2005) (citing United States v. Khattak, 273 F.3d 557, 561 (3d Cir.

3    2001)); United States v. Teeter, 257 F.3d 14, 21 (1st Cir. 2001). The possibility of a

4    favorable change in the law occurring after a plea agreement is merely one of the risks

5    that accompanies a guilty plea. See United States v. Sahlin, 399 F.3d 27 (1st Cir. 2005);

6    United States v. Cortez-Arias, 425 F.3d 547, 548 n.8 (9th Cir. 2005).

7           By waiving any right to bring a post-appeal attack to his sentence, the Court finds

8    Petitioner's assertion that he only waived challenges to the legality of his sentence, as

9    opposed to challenges to the execution of his sentence, without merit. Petitioner's

10   alternative contention that this challenge is only to the conditions of his confinement is

11   likewise without merit. Petitioner seeks release from custody, and while the exact

12   contours of what qualifies as a conditions of confinement claim remain open, claims

13   seeking release from custody fall outside the scope of such claims. Nettles v. Grounds,

14   788 F.3d 992, 1005 (9th Cir. 2015) ("[The Supreme Court] has not directly addressed the

15   question whether a challenge to the degree of constraints in prison (such as a release

16   from administrative or disciplinary segregation) is a claim seeking release from custody,

17   or merely a challenge to conditions of confinement.").

18          Petitioner has voluntarily waived his right to present post-appeal attacks to his

19   conviction or sentence. The waiver is not ambiguous and Petitioner is bound to the terms

20   of the waiver. Petitioner may not procced with this petition for writ of habeas corpus

21   under 28 U.S.C. § 2241. As Petitioner has waived his right to collaterally attack his

22   sentence, the Court need not address the remaining arguments presented in the

23   petition.

24   **III.    CERTIFICATE OF APPEALABILITY**

25          "The plain language of [28 U.S.C.] § 2253(c)(1) does not require a petitioner to

26   obtain a [certificate of appealability] in order to appeal the denial of a § 2241 petition."

27   Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008). "Nor is there any other statutory

28   basis for imposing a [certificate of appealability] requirement on legitimate § 2241

1 | petitions. Although state prisoners proceeding under § 2241 must obtain a [certificate of

2 | appealability], <u>see</u> § 2253(c)(1)(A), there is no parallel requirement for federal prisoners."

3 | <u>Id.</u>

4 | As Petitioner is a federal prisoner bringing a legitimate § 2241 petition, a

5 | certificate of appealability is not required.

6 | **IV.**   **ORDER**

7 | Accordingly, IT IS HEREBY ORDERED that:

8 | 1.   The motion for leave to file amicus curiae brief is GRANTED (ECF No. 18);

9 | 2.   The Petition for Writ of Habeas Corpus is DENIED; and

10 | 3.   The Clerk of Court is ORDERED to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   September 29, 2015        /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE